# IN THE UNITED STATES BANKRUPTCY COURT
# IN THE DISTRICT OF ARIZONA

In re:

ALPHONSO PARKS
SS# ***-**-5020

          Debtor.

In Proceedings Under Chapter Thirteen

Case No. 4:18-bk-15313-BMW

ORDER CONFIRMING CHAPTER THIRTEEN PLAN APPOINTING TRUSTEE DIRECTING PAYMENTS, AND FIXING COMMISSION AND EXPENSES OF TRUSTEE

This proceeding coming on regularly to be heard by the Court; the Debtor having been represented by counsel, MORTENSEN LAW OFFICES; and the Court having considered the entire record before it:

**THE COURT FINDS AS FOLLOWS:**

1. The Debtor's Chapter 13 Plan has been accepted in writing, or is deemed to have been accepted, by the creditors whose acceptance is required by law.

2. The Plan has been proposed and its acceptance procured in good faith and not by any means, promises, or acts forbidden by law.

3. The Plan is in the best interest of the creditors and is feasible taking into account the statement filed by the Debtor.

4. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim, if the estate of the Debtor(s) were liquidated under Chapter 7, Title 11, United States Code, on such date. The Plan accommodates payments to the unsecured creditors at pro rata of the amount due.

5. Creditor secured by first deed of trust on residence (8805 & 8815 W. Robinson, Marana, AZ 85653), <u>Thee Arthur Campbell, Jr.</u>, to be paid the loan balance of <u>$18,943.90</u> as secured, through the Trustee, with interest at <u>6</u> %.

Creditor secured by property tax liens on residence, 8805 & 8815 W. Robinson, Marana, AZ 85653, <u>Pima County</u>, to receive regularly scheduled post petition tax payments outside of the Plan, directly from the Debtor. Pre-petition arrears for 8815 W. Robinson in the amount of $<u>3,261.16</u> (2014-2018 tax years) and 8805 W. Robinson in the amount of $<u>3,531.07</u> (2009-2018 tax years), shall be paid in full through the trustee, with interest at <u>16%</u> per annum. (Any redetermination of the value of the residential property will not affect the valuation used to assess Pima County ad valorem property taxes.)

The bankruptcy filing, plan and Order Confirming are not intended to impair or alter the rights of Pima County with regard to property taxes. The bankruptcy filing, plan and Order Confirming will not alter or impair payments to Pima County that are made under contract through the mortgage company. Pima County shall retain its liens.

Any proceeds from the sale of Debtor's residence, over and above Debtor's $150,000.00 homestead exemption recorded in the office of the Pima County Recorder, and after full satisfaction of the then-existing balance due on any creditors secured by that residence, to be turned over to the Trustee, if necessary, during the first 36 months of the plan.

Creditor secured by real property located at 8740 W. Campbell St., Marana, AZ 85653, Ditech Financial, to have its collateral surrendered. Any deficiency balance will be treated as an unsecured nonpriority claim.

The bankruptcy filing, Plan or Order Confirming will not alter or impair Pima County's rights under state law with regard to the surrendered property located at 8740 W. Campbell St., Marana, AZ 85653.

- 2 -

Case 4:18-bk-15313-BMW    Doc 110-1    Filed 01/27/20    Entered 01/27/20 13:57:22
Desc   Stipulated Order Confirming Plan    Page 2 of 6

Creditor secured by real property located at 2252 S. Devon Loop, Marana, AZ 85713, JPMorgan Chase Bank, to have its collateral surrendered. Any deficiency balance will be treated as an unsecured nonpriority claim.

The bankruptcy filing, Plan or Order Confirming will not alter or impair Pima County's rights under state law with regard to the surrendered property located at 2252 S. Devon Loop, Marana, AZ 85713.

6. Creditor secured by a 2007 Honda CRV, Wells Fargo Bank to be paid $7,200.00 as secured, through the Trustee, with interest at  5 %, in monthly adequate protection payments of $72.00, accruing month one of the confirmed Plan, with payments to increase prorata. Unpaid balance to be classified as an unsecured nonpriority claim.

The following judicial lien(s) impair an exemption to which the Debtor would have been entitled under 11 U.S.C. Section 522(f)(1). See also Code §522(b) and Bankruptcy Rule 4003(d). As per plan provision (C)(5)(c), said lien(s) shall be avoided upon entry of this Order. Any claim(s) filed shall be treated as unsecured nonpriority debts through the Plan.

Pima County Wastewater    T20093247    $545.36    docket # 13652    page # 3393
**resolved by a Stipulation to Avoid Judgment Lien filed 1/22/2020**

Pima County Wastewater    T20101064    $366.15    docket # 13795    page # 3235
**resolved by a Stipulation to Avoid Judgment Lien filed 1/22/2020**

Pima County Wastewater    T20112967    $3,834.67    sequence # 20112020769
**resolved by a Stipulation to Avoid Judgment Lien filed 1/22/2020**

Pima County Wastewater    T20120087    $409.22    sequence # 20120300896
**resolved by a Stipulation to Avoid Judgment Lien filed 1/22/2020**

Ford Motor Credit Co. LLC    C20070796    $33,410.63    docket # 13110    page # 4788
**Motion to Avoid Lien filed 12/13/19**

Easy Loan Corp.    T20071590    $2,909.44    sequence # 20121670653
**Motion to Avoid Lien filed 12/13/19**

Erin Capital Mngmnt LLC    CV07020014    $1,790.71    docket # 13524    page # 222
**Motion to Avoid Lien filed 12/13/19**

Slow Buck LLC    C20151924    $1109.49    sequence #'s 20152800580 and 20152670349
**Motion to Avoid Lien filed 12/13/19**

- 3 -

Case 4:18-bk-15313-BMW    Doc 110-1    Filed 01/27/20    Entered 01/27/20 13:57:22
Desc  Stipulated Order Confirming Plan    Page 3 of 6

7. Based on figures presented, the trustee estimates a __60__ month duration of Plan payments.

8. The Debtors do not owe secured or unsecured priority taxes.

9. Counsel's administrative costs and attorney fees for this case total $4,500.00. Debtor's paid $1,200.00 prior to filing and the balance of $3,300.00 will be paid under the Plan.

10. Any property or funds submitted to the Trustee pursuant to this Order Confirming in excess of the monthly amounts required by this Order Confirming the Plan of reorganization will be treated as supplemental payments. In the event the Debtors file a modified plan pursuant to 11 U.S.C. §1329, the yield to non-priority unsecured creditors under such modified plan need not necessarily equal the yield under this present Order Confirming, provided that the Debtor's projected disposable income during the first 36 months of the Plan be applied as Plan payments, and the non-priority unsecured creditors receive not less than what they would receive in a Chapter 7 proceeding. In re Porter, 102 B.R. 773,777 (9th Cir. BAP 1989). In re Anderson, 21 F.3d 355, 356 (9th Cir. 1994). **In no event will the Plan duration be less than thirty-six (36) months., exclusive of any property recovered by the Trustee unless all allowed claims are paid in full. 11 U.S.C. §1325(b)(1).**

11. Debtor is reminded that all payments must be remitted on or before the stated due date each month. Late or missed payments may cause additional interest to accrue on secured debts, which could result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge of the case will be entered. This requirement applies regardless of Plan payment suspensions, waivers or moratoriums.

12. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

13. Any repayment schedule which is or may have been attached to or referenced in the plan or any previous order is completely speculative, is not binding on the Trustee, and should not be relied upon by creditors.

14. **General Unsecured Claims**. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a).

Case 4:18-bk-15313-BMW    Doc 110-1    Filed 01/27/20    Entered 01/27/20 13:57:22    Desc  Stipulated Order Confirming Plan    Page 4 of 6

*To the extent that the IRS & Arizona Department of Revenue's non-dischargeable liabilities are not paid in full through pro rata distributions under the Debtor's Plan or through direct payments outside of the plan, the unpaid balance along with postpetition and post-confirmation interest shall not be discharged in accordance with 11 U.S.C. §§ 523(a)(1)(B)(ii) and 1328(a).*

15. Debtor is required to turn over to the trustee, copies of the state and federal income tax returns for each year during the duration of the Plan, within 14 days of filing said returns. During the pendency of the case, the Debtor shall turn over to the trustee any tax refunds in excess of $1,000.00, as supplemental payments under the plan.

<u>*The Debtors certify*</u>: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

**IT IS ORDERED AS FOLLOWS:**

1. The Debtor's Plan is confirmed;

2. The Debtor shall pay in lump sum payments to the Trustee on the <u>18th</u> day of each month; **$825.00 each month for month 1 through month 60 (1/19 - 12/23)**

The Trustee shall disburse such funds in accordance with the Plan, Chapter 13 and Orders of the Court.

3. The Trustee shall receive such percentage fee of the Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. 586(e). The Trustee's fee is not to exceed 10%.

<u>**SIGNED & DATED ABOVE**</u>

The foregoing approved as to form and content by:

_____        /s/ Wayne Mortensen (#18519)
Dianne C. Kerns                                        Wayne Mortensen
Trustee                                                     Counsel for Debtors

*[signature: Kathryn Ore]*
Kathryn Ore
Deputy County Attorney / Civil Division
Attorney(s) for Pima County

- 5 -

## PLAN ANALYSIS

Debtor: Alphonso Parks  Case No. 4:18-bk-15313-BMW

Prior: Bankruptcy ( )  Chapter 13 ( )  Date:_____

Estimated length of Plan: 60 months.

TRUSTEE USE:
Section 341(a) Meeting Date: _____
Continued: _____
Confirmed Date: _____

*******************************************************************************

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES.

(1) Trustee's compensation (10% of Total of Plan Payments to Trustee) .................. $4,950.00
(2) Administrative Expenses ................................................................. $3,300.00
(3) Leases and Executory Contracts ........................................................ $0.00
(4)(a) Conduit Mortgage Payments .......................................................... $0.00
(4)(b) Arrearage Claims Secured Solely by Real Property ................................ $9,910.43
(5)(a) Claims Secured by Personal Property or Combination of Real & Personal Property–Unmodified $21,810.25
(5)(a) Claims Secured by Personal Property or Combination of Real & Personal Property–Modified ... $8,165.48
(6) Priority Unsecured Claims .............................................................. $0.00
(7) Unsecured Nonpriority Claims ......................................................... $1,363.84

**TOTAL OF PLAN PAYMENTS** ............................................................ $49,500.00

### Section 1325 Analysis.

(1) Best Interest of Creditors Test:
  (a) Value of Debtor's interest in nonexempt property ................................ $1.095.00
  (b) Plus: Value of property recoverable under avoidance powers ................... $0.00
  (c) Less: Estimated Chapter 7 administrative expenses ............................. $273.75
  (d) Less: Amounts payable to unsecured, priority creditors ........................ $0.00
  (e) **Equals:** Estimated amount payable to unsecured, non priority claims
      if Debtor filed Chapter 7 ........................................................ $821.25

(2) Section 1325(b) Analysis:

  (a) Monthly disposable income, Form B 122C-2 (if less than $0, then state $0) ...... $0.00
  (b) Applicable Commitment Period ................................................... x 60
  (c) Total of Line (2)(a) amount x 60 ................................................. $0.00

(3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan ............... $1,363.84

** IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN
ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.

-6-